### WINEMAN *v.* WAYNE CIRCUIT JUDGE.

APPEALS FROM JUSTICE'S COURT—APPEAL BOND—SUFFICIENCY—
LABOR DEBTS—PREFERENCES.

Upon an appeal from a justice's judgment declaring plaintiff's claim against an insolvent defendant to be one entitled to preference as a labor debt under 3 How. Stat. § 8749*m et seq.*, an appeal bond conditioned, not for the payment of *any* judgment rendered against appellant, as required by the general statute (3 How. Stat. § 7000), but merely for the payment of the judgment if the preference is sustained in the circuit, is insufficient; the statute making no special provision for appeals on the question of preference.

*Mandamus* by Hugo A. Wineman to compel Joseph W. Donovan, circuit judge of Wayne county, to dismiss an appeal from justice's court. Submitted October 24, 1899. Writ granted, conditionally, November 2, 1899.

*William Stacey*, for relator.

*George W. Bates*, for respondent.

PER CURIAM. Relator brought an action of *assumpsit* for work and labor in justice's court against the Fisher Electrical Manufacturing Company, and recovered a judgment for $251.16. The amount of the judgment does not appear to have been contested. The sole controversy was whether the claim was entitled to preference under Act No. 94 of the Public Acts of 1887 (3 How. Stat. §

8749m et seq.).   The justice, holding that it was, so certi
fied in his judgment.   The defendant appealed the case to
the circuit court, and executed a bond in the sum of $510,
the condition thereof being that "said Fisher Electrical
Manufacturing   Company   shall   prosecute   its   appeal,
*   *   *   and, if a judgment be rendered against it
under Act No. 94 of the Public Acts of 1887 in the said
circuit court, shall pay the amount of such judgment."
Plaintiff moved to dismiss the appeal for a defective bond.
This was refused.   Relator asks for the writ of manda-
mus to compel the court below to dismiss the appeal.

Act No. 94 provides simply for a preference for labor
debts in the case of an involvent person or corporation,
and requires the court to specify in the judgment the
part, portion, or amount of the claim which is preferred.
Thereupon execution may issue requiring that the amount
of such preferred claim be first made out of the goods
and chattels, and, for want thereof, then of the lands and
tenements, of the defendant.   The suit was commenced
by the usual summons, with a declaration upon the com-
mon counts and a plea of the general issue.   By the
terms of this bond the obligors are only required to pay
if the preference is sustained.   If the preference is not
sustained, then they are not obliged to pay the judgment,
although it is a valid one against the defendant.   Is this
a bond contemplated by the statute?   Appeals are purely
statutory.   Act No. 94 makes no provision for an appeal
on the question of preferences.   We must therefore look
to the general statute authorizing appeals from justice's
courts.   That statute ( 3 How. Stat. § 7000) provides for
a bond to pay the judgment rendered in the circuit court
in favor of the appellee.   There is no provision for an
appeal from a part of the judgment.   It follows that the
bond is not such as the statute requires, and the writ will
issue directing the dismissal of the appeal, unless a valid
bond be filed under the rules and practice of the court.